UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **Donald Cagle** | * | **CIVIL ACTION:** |
| | * | |
| **Petitioner** | * | |
| | * | |
| v. | * | **JUDGE** |
| | * | |
| | * | **MAG. JUDGE** |
| **Philips North America, LLC and** | * | |
| **Philips RS North America, LLC** | * | |
| | * | |
| **Defendants** | * | |
| | * | **JURY TRIAL REQUESTED** |

**************************************************************************

## COMPLAINT AND JURY DEMAND

Petitioner, Donald Cagle, a citizen of the Parish of Ascension, State of Louisiana, though undersigned counsel, brings this Complaint and alleges as follows:

1.

Made defendants herein are:

a. Philips North America, LLC, a Delaware Corporation, with its principal place of business in the County of Middlesex, State of Maine, licensed to and doing business in the Parish of Ascension, State of Louisiana (hereinafter "Philips"); and,

b. Philips RS North America, LLC, a Delaware Corporation, with its principal place of business in the County of Allegheny, State of Pennsylvania, licensed to and doing business in the Parish of Ascension, State of Louisiana (hereinafter "Philips RS").

1

2.

The above-named defendants are jointly, severally and *in solido* liable unto Petitioner for the following:

3.

In October of 2008, Petitioner, Donald Cagle, purchased a Philips Respironics REMstar Plus CPAP device (hereinafter referred to as "device") which he used nightly from the date of receipt until notified of a recall.

4.

On April 26, 2021, Philips made a public announcement disclosing it had determined there were risks that the PE-PUR Foam used in certain CPAP, Bi-Level PAP, and mechanical ventilator devices it manufactured may degrade or off-gas under certain circumstances.

5.

On June 14, 2021, Philips issued a recall in the United States of its CPAP, Bi-Level PAP, and mechanical ventilator devices containing PE-PUR Foam, because Philips had determined that (a) the PE-PUR Foam was at risk for degradation into particles that may enter the devices' pathway and be ingested or inhaled by users, and (b) the PE-PUR Foam may off-gas certain chemicals during operation.[1] Philips further disclosed in its Recall Notice that "these issues can result in serious injury which can be life-threatening, cause permanent impairment, and/or require medical intervention to preclude permanent impairment."[2]

---

[1] *See* Philips Recall Notice attached hereto as Exhibit "A."
[2] *Id.*

6.

Prior to issuing the Recall Notice, Philips received complaints regarding the presences of black debris/particles within the airpath of circuit of its devices (extending from the device outlet, humidifier, tubing, and mask). Philips also received reports of headaches, upper airway irrigation, cough, chest pressure and sinus infection from users of these devices.

7.

Philips recommended that patients using the recalled CPAP and Bi-Level PAP devices immediately discontinue using their devices and that patients using the recalled ventilators for life-sustaining therapy consult with their physicians regarding alternative ventilator options.

8.

Petitioner Cagle will incur substantial expenses to replace the device. In addition, Petitioner has experienced, including but not limited to the following, chest tightness, shortness of breath, fatigue, weakness, and respiratory irritants during his use of the Philips' CPAP machine. Since being notified of the recall, Petitioner has experienced anxiety, concerning the potential serious health risks he is facing from possible exposure to an off-gassed or degraded PE-PUR Foam in the recalled devices.

9.

The manual accompanying Petitioner Cagle's Philips Respironics REMstar Plus CPAP device did not contain any language or warnings of health risks associated with use of the device, including irritation (skin, eye and respiratory tract), inflammatory response, headache, asthma, adverse effects to other organs (*e.g.* kidneys and liver) and toxic carcinogenic effects. Had Defendants informed Petitioner of these risks he would not have purchased the Recalled Device.

10.

Without knowing of the health risks associated with use of the Recalled Device, Petitioner Cagle used his Recalled Device nightly to treat sleep apnea.

11.

Defendants had a duty to Petitioner to provide a safe product in design and manufacture, free of any known defect to the device.

12.

Defendants breached its duty of reasonable care to Petitioner by designing the Philips Respironics REMstar Plus CPAP device with risks that the PE-PUR Foam used in certain CPAP, Bi-Level PAP, and mechanical ventilator devices it manufactured may degrade or off-gas under certain circumstances.

13.

Defendants breached its duty of reasonable care to Petitioner by manufacturing and/or assembling the Philips Respironics REMstar Plus CPAP device with risks that the PE-PUR Foam used in certain CPAP, Bi-Level PAP, and mechanical ventilator devices it manufactured may degrade or off-gas under certain circumstances.

14.

Defendants breached its duty of reasonable care to Petitioner by failing to exercise due care under the circumstances.

15.

As a direct and proximate cause of Defendants' negligence as set forth in the preceding paragraphs, Petitioner sustained and will continue to sustain severe emotional distress, economic losses and consequential damages, bodily injuries, loss of enjoyment of life, disability and loss of

function, and other damages, and is entitled to compensatory damages and equitable and declaratory relief according to proof.

16.

At all times herein mentioned, Defendants, and each of them, were engaged in the business of, or were successors in interest to, entities engaged in the business of researching, designing, formulating, compounding, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging, prescribing and/or advertising for sale, and selling products for use by the Petitioner. As such, each Defendant is individually, as well as jointly and severally, liability to the Petitioner for his damages.

17.

At all times herein mentioned, the officers and/or directors of the Defendants named herein participated in, authorized and/or directed the production of promotion of the aforementioned products when they knew, or with the exercise of reasonable care and diligence should have known, of the hazards and dangerous propensities of said products, and hereby actively participated in the tortious conduct that resulted in the injuries suffered by the Petitioner.

18.

The device reached Petitioner without substantial change in its condition from time of completion of manufacture by Philips.

19.

The Petitioner could not, by the exercise of reasonable care, have discovered the Philips Respironics REMstar Plus CPAP device's defects herein mentioned and perceived its danger.

20.

Defendants were aware, or should have been aware, of the toxic or dangerous health effects of the use of the Recalled Devices, but nowhere on the package labeling or package inserts or on Philips' websites or other marketing materials did Philips warn Petitioner and members of the Class that they were at risk of developing adverse health effects as a result of the dangerous PE-PUR Foam used in the Recalled Devices.

21.

Petitioner used the device reasonably and as intended, to the fullest degree possible given the defective nature of the device and, nevertheless, suffered damages through no fault of his own.

22.

As a direct and proximate result of Philips' conduct, Petitioner has suffered actual damages in that they purchased the Recalled Devices (a) that were worth less than the price they paid, (b) which they would not have purchased at all had they known of the health risks, including organ failure and cancer, associated with the use of the Recalled Devices, and (c) which did not conform to the Philips' manufacturing performance standards and/or otherwise identical products' standards. Petitioner is therefore entitled to equitable relief as described herein.

23.

As a result of the defects of the device, Petitioner, was caused severe and painful personal injury, including but not limited to all bones and muscles of the body, nerves, ligaments, tissues, and blood vessels, and, more particularly, anxiety, chest tightness, shortness of breath, fatigue, weakness, liver damage and respiratory irritants.

24.

The above-described incident and ensuing injuries to Petitioner were proximately caused by Defendants, by the following non-exclusive acts of negligence:

1. Manufacturing a device with defects;

2. Selling a device to Petitioner with a defects;

5. Any and all other acts of negligence which will be proven at the trial of this matter.

25.

As a result of the defendants' negligence enumerated herein petitioner is entitled to reasonable damages, and herewith itemizes her damages as follows:

1. Past, present and future physical pain and suffering;

2. Past, present and future mental pain and suffering;

3. Permanent disfigurement;

4. Loss of enjoyment of life;

5. Disability and loss of function;

6. Loss of past monies paid for device;

7. Past, present and future medical bills;

8. Any and all other damages which will be proved at the trial hereof.

26.

This device contained redhibitory defects for which if Petitioner would have been aware, he would not have purchased said device.

27.

That the defects within the device were either redhibitory defects and/or breach of the sales agreement between Defendants and Petitioner.

28.

That the redhibitory defects contained in the device rendered the device worthless as the device was defective and could not be repaired to a condition for safe use.

29.

That Petitioner is entitled to return of the money on the sale, any and all damages caused to him by the redhibitory defects of the device, including but not limited to :

1. A return of all monies paid;
2. Attorneys fees and costs;
3. Cost to purchase a new device

30.

These defects have been un-repairable; therefore, this device contains a redhibitory defect for which your petitioner is entitled to a return of the sales price, a rescission of the sale, plus all damages including all inconvenience and emotional damages.

31.

That if Petitioner were aware of these defects, he never would have purchased said device.

32.

Petitioner avers amicable demand without avail. The above damages exceed the jurisdictional limit for trial by jury herein, and Petitioner demands a trial by jury.

WHEREFORE, petitioner prays that defendants be duly served and cited to appear and answer this Complaint, all as provided by law, and after all legal delays and due proceedings had, there by judgment rendered in favor of the Petitioner, Donald Cagle, and against the defendants, Philips North America, LLC, and Philips RS North America, LLC, jointly, severally and *in solido*, for reasonable damages, with legal interest from the date of judicial demand until paid, all costs of these proceedings, along with such other relief as law, equity and the nature of this case shall require.

Respectfully submitted,

*/s/John D. Sileo*
JOHN D. SILEO (La. Bar. No..: 17797)
CASEY W. MOLL (La. Bar No. 35925)
320 N. Carrollton Avenue, Suite 101
New Orleans, Louisiana 70119
TEL: 504-486-4343
FAX: 504-297-1249